# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **VELVET GRAVES and BEN GOSS,**<br><br>Plaintiffs,<br>v.<br><br>**JOHN DOE AND JANE DOE,**<br><br>Defendants. | **ORDER GRANTING MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>**Case No. 1:10cv44**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Velvet Graves and Ben Goss's (collectively, "Plaintiffs") ex parte motion for leave to conduct limited and expedited discovery.[2]

Plaintiffs contend that the unknown defendants, John and Jane Doe (collectively, "Defendants"), have accessed and reviewed private electronic communications between Plaintiffs and then distributed the communications to third parties in violation of various federal and state statutes. Plaintiffs further allege that Defendants published false statements about Plaintiffs accusing them of adultery and fornication.

---

[1] See docket no. 6.

[2] See docket no. 4.

Plaintiffs seek limited discovery pursuant to rule 26(d) of the Federal Rules of Civil Procedure in order to properly identify and serve Defendants. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order."). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Communications Int'l, Inc., v. WorldQuest*, 213 F.R.D. 418, 419 (D. Colo. 2003). Good cause may be shown "in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Id.*

The court concludes that good cause exists to allow Plaintiffs limited discovery to ascertain the identity of Defendants. There is a risk that the relevant electronic evidence in possession of third parties may be altered, erased, or destroyed. Without such information, it is unlikely that Plaintiffs will be able to identify Defendants in this case.

Accordingly, Plaintiffs motion is **GRANTED**. Plaintiffs may serve immediate discovery on Yahoo!, Inc. ("Yahoo"), Microsoft Corporation ("Microsoft"), and others associated with the Internet Protocol ("IP") addresses produced by Yahoo and Microsoft, to obtain the identity of Defendants by serving a rule 45 subpoena that seeks documents and electronically stored information that identify Defendants. *See* Fed. R. Civ. P. 45. The information sought is to be limited to identifying information including, but not limited to, the names associated with the email addresses, physical address, user logs, IP addresses, telephone numbers, and related information.

Any party served with a subpoena pursuant to this order shall (1) preserve any and all responsive evidence and information sought by the subpoena until further order of the court and (2) provide notice to Plaintiffs' counsel that the responsive evidence and information has been preserved. In addition, Plaintiffs shall make efforts to provide notice of the subpoenas to Defendants through their known email addresses subsequent to obtaining notice from all subpoenaed third parties that responsive evidence and information has been preserved. It is further ordered that any information disclosed to Plaintiffs in response to the subpoenas issued pursuant to this order and rule 45 may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the claims enumerated in the complaint or any future amended complaint in this action. Lastly, any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

**IT IS SO ORDERED.**

DATED this 27th day of April, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge